first this morning with the bail motion argument in United States v. Porter 21-3027. Good morning, your honors. May it please the court, Mary Beth Covert representing Denise Porter, the appellant on this appeal. The district court committed clear error when it denied Ms. Porter's motion for release pending sentencing just two days after it was filed without requiring a government response, stating that the extraordinary reasons or the exceptional reasons she articulated in her motion for release had already been considered in prior motions that the district court entertained. They had not. And that her anticipated sentencing, which she set forth in her motion, was speculative, noting that the pre-sentence investigation report had not yet been filed. That pre-sentence investigation report has now been docketed, at document number 213. But of course, that pre-sentence investigation report does not address the exceptional reasons articulated because it would not address those exceptional reasons. The answer to those reasons could only come from the government in a response. The response we have from the government on appeal in response to this motion is the only response we have from the government. But I will note that in their brief response, there is no challenge to the factual representations of what we have articulated to be the exceptional reasons why Ms. Porter's continued detention pending sentence is inappropriate. With respect to the extraordinary reasons that the district court had not considered when it denied the motion by text order in December, we articulated in our filings here on appeal no less than five reasons that we articulated that the district court did not consider in denying the motion. Most important of which is the fifth factor, which is noted on page 25 of our filing. Our filings are under seal, so I apologize for some of my cryptic comments. Nonetheless, that last fifth factor, Ms. Porter runs the risk as she continues being detained of agreement. At the time of the filing of our motion for release pending sentence in this court, the appeal of that sentencing was scheduled for February 1st. The government within the last week had filed a motion to adjourn sentencing. It is now scheduled six months hence in August of this year. And I will say that that is an arbitrary date, not realistic given the filing of the and with respect to our exceptional reasons, which we've articulated, and I know it on page 17, that that date, that August sentencing date is unrealistic. Our sentence anticipated sentence in this case is not speculative. We have a floor, which is contained in the exhibit C1 of our filing. And so it is not speculative. And we were asking the district court when we filed the motion to take consideration of that fact of those in releasing her pending sentence. I will also note that in our filings, both at the district court and on appeal, one of the precursors... I'm sorry, when you say C1, is that exhibit C1 or? Exhibit C1, yes, Your Honor. The district court, so a person who has been found guilty of a triggering Title 21 offense can nonetheless, if they demonstrate clear and convincing evidence that they are neither a risk of flight nor a danger, and they can show clear evidence of exceptional circumstances, they can have released under 3145C. The district court made no findings of risk of flight or danger because Ms. Porter is neither of those things. The government makes an argument on appeal here that perhaps there's some speculation of possibility about a risk of flight. And I would suggest to the court that even the cases that they have cited in their response indicate that there's a greater incentive that Ms. Porter has to comply with the conditions of her release in order to obtain the benefit of the bargain here. I see my time is up, Judge. I wonder whether you're asking for the wrong relief. Speaking for myself alone, I don't see how I could rule in your favor because, well, I mean, you say she would lose the benefit of the bargain, but I simply don't see that, and there are contrary arguments to be made. But I wonder whether you would have a better chance of success if you ask simply for release, for release subject to remand rather than... What is the relief you're seeking? We are seeking her release. We've appealed the denial of her release. Oh, I see. Okay. All right. Okay. I see what you're saying. Okay. Her release pending sentence is all we are seeking, Your Honor. Oh, okay. All right. I have a question, which is, as I understand it, the district court judge here denied the request without prejudice to renewal. Is that correct? That is correct, Judge. And were the parameters of the circumstances under which the motion might be renewed made clear or not? So we didn't find it clear, Judge. Because he denied it without a government response and indicated that things were speculative and the pre-sentence investigation report hadn't been filed. The pre-sentence investigation report still does not address the exceptional reasons that we've articulated, and it would not address those reasons. All it does is confirm the calculations in the plea agreement are accurate, and our representations about that anticipated sentence were accurate because the calculations, the original calculations are the same. And why do you say that the judge failed to consider, particularly the fifth factor, but any other factors? Well, because so many of those factors, Judge, had not been addressed in the prior filings. The most recent motion prior to this motion had been 15 months prior, and so she hadn't yet pled guilty to the offense conduct that occurred in over last summer. And the other factors with respect to her co-defendant have all happened in the interim. And so the court necessarily, in its prior denials of the motions for release, could not have considered all of the factors that we were raising as exceptional reasons. We do think release is appropriate. I think this court could order her released on conditions. Alternatively, as the government suggests, it could remand back down to the district court for articulation of a consideration of the exceptional reasons and consideration of what factors could be imposed for release. Thank you. We'll hear from the government. Monica Richards on behalf of the United States in this appeal. The finding, as the court noted, with regard to the five steps that were required here, the finding, there's no basis here for this court to find clear error with regard to the factual decision that was made. And I dispute my colleague's statement that there were no, there was no such opposition in my papers. Pages five through seven were my intended opposition to that position. The court did find no exceptional reasons. And as has been noted, this is an and requirement. It's no exceptional reasons and risk of flight. So to the extent we're considering remand for further findings with regard to risk of flight, that might be what's appropriate if this court's otherwise inclined to find exceptional reasons. Again, I'm not conceding that by any means. I oppose that such a finding, but I think this is a difficult procedural posture right now. I think the district court denied it before it had the PSR. It now does have the PSR. I see no roadblock to re-raising. The text order was very... But you don't need, no one needs us to do that, right? So a denial, just for example, on appeal wouldn't preclude the defendant here from renewing the application before the district court judge. Is that right? That's true. And I would just note that, I mean, my colleague did, that's absolutely true. My colleague did file the notice of appeal before the PSR was filed. So in terms, again, of timing and the procedural posture of this case, it's a little tricky that way. But, and perhaps that's why we're here. But right, as far as I've set forth in my papers, there's no basis on this record for this court to do anything but deny the appeal, but deny the motion, I'm sorry. And then as the court, as your honor noted, a new motion could be filed and perhaps we might be here again, but perhaps not. Are there no conditions that could be imposed that would satisfactorily ensure her appearance and protect against risk of flight? Your honor, that's an ongoing conversation. The government has engaged in that conversation with my opponent's office, but that is not something that I'm prepared here to suggest to the court, you know, with specifics. And I think, again, that based on a basic... I think that should be explored. And it is, your honor. I can advise your honor that that conversation has happened. And to the extent it's appropriate, continuing forward, that's what our trial level AUSAs will be doing. Your colleague represented that the PSR doesn't have anything in it that would appreciably impact the analysis or the issues that we have in this case. To the extent that you're talking about, oh, we can remand or we could affirm with no prejudices ability to file again. Is there anything different if there was a new motion filed next week now that we have the PSR? Do the arguments look exactly the same as the arguments we have before us? Well, I'm not sure that I read that. Thank you, your honor. I'm not sure that I read that text order quite as broadly as my colleague does with regard to the impact or the import of the PSR. I do think reading just the final sentence, it's sort of a, indeed, the court does not even have. I mean, it's sort of a, it's a problem that the court saw. The sentence preceding that is different. I don't know how, sorry, based on the nature of the proceeding. But the sentence before that is different. And I think that's the definitive problem for the district court, not whether, you know, the PSR is helpful, yes, and does establish some things with regard to in terms of the district court's findings. No. So if we were, if we were to affirm that there was a new motion, the arguments would, in fact, looking pretty much like they look now as far as the basis for the exceptional circumstances and your argument as to why that's not satisfied. Well, with regard to the range, I would, I would, I see that. I just don't see it as the whole picture. I agree that it's not the whole picture. But with regard to what appropriate range we're talking about, yes. And that would be the nature of the continuing conversation. At this moment in time, the government doesn't have an agreement with the defense counselor and understanding with regard to what, what conditions could be imposed. Any questions further? I understand that, Ms. Covert, you've got a minute of rebuttal. Uh, thank you, Your Honors. Uh, so the difficulty we have with, um, just, uh, affirmance of the district court's denial, and we can go back and file and notice their motion, is that there needs to be some recognition of the exceptional reasons that exist here. And the district court gave those short shrift. And the reason that they give the, the, the pre-sentence investigation report doesn't add anything. It doesn't subtract anything. It just confirms the calculations in the, in the, in the plea agreement. But without the government having responded, um, to what, to those exceptional reasons were, the district court necessarily can't make a finding as to whether those are accurate. What precludes that from happening, uh, on a renewed motion? In other words, uh, then the government could make whatever submission, although it's not required to, make whatever submission it wants. And, uh, the district court judge would then have the benefit of, uh, as you put it, the updated information. What, what's, what's stopping it from correcting, uh, some of the errors that you're identifying? I think the only thing that would correct it is if you were going to remand it, is to remand it with the district court to ask for a government response and reconsider the motion. Because right now, we have no assurance when we file another motion, another motion again, that the district court is going to get comfort in what we're saying are exceptional reasons to get confirmation from the government that the facts that we are articulating, which I believe are extraordinary, are actually accurate. It doesn't have to take our word for it. It needs to get confirmation. So we're asking it to do now because she's losing, you know, at risk of, of, of far more than, than what she's bargained for, um, to make a determination, which only the court can do. And it, and it, and it has refused saying, well, that's speculation. Well, let me, this is a little unusual, but may I ask Ms. Richards, is there a problem with, if we, if this were to go back with, uh, the government submitting a response? I know, I understand you're not the trial, uh, prosecutor, but is that a problem? I would say that's not what's necessary here. I understand the court's question. I'm having a hard time articulating without, um, given the nature of the proceeding here in this proceeding, but, um, I don't think that's necessary. I think a new motion, um, given the time that the time that's passed the adjournment of the sentencing and, um, the filing of the PSR would be a basis alone without this court's intervention for the renewed motion. The adjournment of the sentencing is six months out. So that's a different posture than it was when the court considered it before. Okay. Well, uh, thank you very much. We'll reserve.